[No. 1009.   Decided March 13, 1894.]

HENRY C. WOOD AND DIXON C. HUGHES, *Respondents*, v. CASCADE FIRE AND MARINE INSURANCE COMPANY, *Appellant.*

FIRE INSURANCE— WHEN CONTRACT VOID— ACTION ON POLICY— PLEADING— INTEREST.

In an action upon a policy issued by an insurance company incorporated in this state upon property in the State of New York, an answer alleging that the company was not authorized to do business in the State of New York; that by the laws of said state policies issued without compliance therewith are declared to be null and void unless procured by a licensed agent therefor; that the policy in suit was procured by a broker of New York city, and that such pretended policy of insurance sued on was issued, delivered and received in violation of the said laws of the State of New York, and was not procured in the manner in said laws provided or authorized, states facts sufficient to constitute a defense.

Interest is recoverable on the amount due under an insurance policy from the time such sum becomes payable.

*Appeal from Superior Court, King County.*

*Hughes, Hastings & Stedman,* for appellant.
*Fishback, Elder & Hardin,* for respondents.

The opinion of the court was delivered by

ANDERS, J.—This action was brought by the respondents upon a fire insurance policy issued to them by the appellant, to recover the sum of $1,500, the amount for which certain property was alleged to have been insured, and which was destroyed by fire.

The appellant is a corporation, organized under and by virtue of the laws of the Territory (now State) of Washington, having its principal place of business at Seattle. The respondents, at the time of the alleged insurance and loss by fire, were residents of the city and State of New York, and the property insured was personal property then in the said city and state.

The sufficiency of the complaint does not appear to be questioned. But the defendant, appellant here, as an affirmative defense to the action, pleaded that the defendant was a corporation organized under the laws of the Territory of Washington, and that the policy of insurance sued upon, a copy of which is set forth in the plaintiffs' complaint, was procured from one Lithgow by one William Warbeck, an insurance broker of the city and State of New York, and was on or about the 1st day of November, 1890, issued to the plaintiffs, who were at that time and at all times since, residents of the state of New York, and described property then and at all times thereafter situated in the city of New York. That the legislature of the State of New York had enacted certain general laws regulating the business of insurance in said state, and providing when and upon what conditions insurance companies organized under the laws of other states might issue policies of insurance upon property in said state, and might be entitled

to transact insurance business therein, and provided that it should be unlawful for any such insurance company to transact any business of insurance whatever until said laws had first been complied with.  That the legislature of the State of New York had enacted a law for the further regulation of the business of insurance in said state, amendatory of the laws theretofore in force, which law, among other things, declared that any policies of insurance issued by companies not having complied with the requirements of the general insurance laws of said state should be void and of no force or effect whatever, which law was approved May 23, 1884, and amended by chapter 113 of the laws of 1885 of said state, approved April 7, 1885, and further amended by chapter 552 of the laws of 1890, approved June 7, 1890.  That the aforesaid laws were in force in said State of New York at and prior to the 1st day of November, 1890, and still continue to be in force in said state, and that the defendant had never at any time, nor in any manner, complied with the provisions of the aforesaid laws of said State of New York, and had never at any time been licensed or empowered to take any risks or to issue any policies of insurance on property situated in the said State of New York, or to residents thereof, or to transact any business whatever authorized by its charter within the said State of New York, and has never had the capital required by the provisions of the aforesaid laws, and that the pretended policy of insurance sued on was issued, delivered and received in violation of the said laws of the State of New York, and was not procured in the manner in said laws provided or authorized.  Copies of the laws referred to were attached to and made a part of said answer.

The plaintiffs interposed a demurrer to this affirmative matter, upon the ground that the facts therein stated did not constitute a defense to plaintiffs' cause of action.  This demurrer was sustained by the trial court, and the ruling

of the court thereon is the principal ground of error relied on for reversal of the judgment appealed from.

For the purposes of the demurrer all of the facts well pleaded in the answer must be admitted. The question, therefore, to be determined is, whether the facts pleaded therein, and thus admitted, show that the contract of insurance, as evidenced by the policy sued on, was made in New York. If it was made there it is there illegal and void, because it is in contravention of the statutes of that state. And if it is invalid there it is invalid everywhere (*Hyde v. Goodnow*, 3 N. Y. 267; *Lamb v. Bowser*, 7 Biss. 315), and cannot be enforced here.

The policy itself, as set forth in the complaint, purports to have been executed by the president and secretary of the company, and by J. W. Lithgow, general agent, and countersigned at Chicago, Illinois, on October 28, 1890. The presumption is, there being nothing to show to the contrary, that the policy is valid if made either in Chicago or Seattle, the home of the company. And this presumption can only be overcome in this instance by averments of facts showing that it was made, or first became operative, in the State of New York. It must be conceded that the allegations in the affirmative defense as to where the contract was executed are not as specific and certain as they might have been made, yet, for the purposes of this demurrer, we think that, aided as they are by reference to the statutes, they sufficiently indicate that the contract of insurance was not completed until the policy was delivered and accepted in New York.

By an act of the legislature of that state, approved June 7, 1890, which is an amendment of former laws on the same subject, it is provided that—

"Any person, acting for himself or for others, who solicits or procures policies or certificates for or from any company or association that has not complied with this

act, or who in any manner aids such transaction, shall be held guilty of a misdemeanor: *Provided, however*, That the superintendent of the insurance department shall be authorized to issue to citizens of this state, in consideration of the yearly payment of two hundred dollars, a license which shall be subject to revocation at any time, to act as agent or agents and procure policies of fire insurance for themselves or others on property in this state in companies which have not complied with the laws of this state. . . . It is further provided that all fire insurance policies issued to residents of this state on property located herein, by companies that have not complied with the requirements of the general insurance laws of the state shall be null and void, and of no force or effect whatever, except such as have been procured in the manner in this act provided.''

As we have shown above, the answer avers in effect that the policy of insurance in question was issued, delivered and received in violation of the above quoted statute and others, and was not procured in the manner in said laws provided or authorized. This, we think, is saying in substance that the contract was executed in New York, and was not procured by a duly licensed broker in that state. And this being so, it follows that the demurrer ought to have been overruled. Of course, we are not called upon to express any opinion as to the merits of this case, and do not do so. We simply decide the question raised by the pleadings, which is purely a question of law. If, as a matter of fact, the insurance was effected in New York by a licensed broker, it is valid even in that state; and if the contract was really executed elsewhere its validity will not, as we have before stated, be determined by the laws of New York.

Appellant's second objection that the judgment is excessive in that it included interest on the amount found due from the time the same became payable, in our opinion, is without merit. Interest on money detained after it is due and payable is recoverable as matter of legal right. 1 Sutherland, Damages (2d ed.), 634.

The judgment is reversed, and the cause remanded with directions to overrule the demurrer to the defendant's affirmative defense.

DUNBAR, C. J., and SCOTT, HOYT and STILES, JJ., concur.