NATIONAL LIVE STOCK INS. CO. v. GOMILLION. (No. 5482.)

(Court of Civil Appeals of Texas. Austin. June 2, 1915.)

1. INSURANCE ☞151—CONSTRUCTION OF CONTRACT—ATTACHING APPLICATION TO POLICY.

Under Rev. St. 1911, art. 4951, requiring a policy of insurance to be accompanied by a copy of the application and a copy of all questions asked and answered, and article 4953, requiring every policy to contain the entire contract and that the application shall be made a part thereof, the penalty for failure to comply with article 4951 is to exclude the application and questions and answers from the insurance contract notwithstanding it may be referred to in the policy as a part thereof.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 308–311; Dec. Dig. ☞151.]

2. STATUTES ☞105—TITLES—EXPRESSION OF SUBJECT-MATTER.

Const. art. 3, § 35, forbidding more than one subject to be contained in a bill, is mandatory, but should be liberally construed.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 117, 118; Dec. Dig. ☞105.]

3. STATUTES ☞116—TITLES—EXPRESSION OF SUBJECT-MATTER.

Acts 28th Leg. c. 69, a part of the caption of which is "providing that no insurance contract shall be held void because of immaterial misrepresentations made in the application therefor or in the contract of insurance and providing conditions upon which a defense may be made upon the ground of misrepresentation in the application," was broad enough to include the condition in that part subsequently compiled as Rev. St. 1911, art. 4951, requiring a policy to be accompanied by a written copy of the application and questions and answers, and said act did not contravene Const. art. 3, § 35, as to expression of the subject in the title.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 152–154; Dec. Dig. ☞116.]

4. CONSTITUTIONAL LAW ☞42 — RIGHT TO QUESTION VALIDITY OF STATUTE—FOREIGN INSURANCE COMPANIES.

Under Rev. St. 1911, art. 4972, declaring the provisions of that title to be conditions on which foreign insurance companies should be permitted to do business in the state, and that such companies should be held to have assented thereto as condition precedent to right to so engage in business, a foreign insurance company could not question the validity of article 4951, a part of said title, requiring policies to be accompanied by copies of the application.

[Ed. Note.—For other cases, see Constitutional Law, Dec. Dig. ☞42.]

5. JUSTICES OF THE PEACE ☞91—COMPLAINT —ACTION ON INSURANCE POLICY.

An allegation, by a plaintiff suing on an insurance policy, that he had "duly performed all the conditions required of him by the terms

of said policy," was sufficient under the liberal rules of pleading in justices' courts.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 307–323; Dec. Dig. ☞91.]

6. INSURANCE ☞602 — FAILURE TO SETTLE LOSS—PENALTY AND ATTORNEY'S FEES.

The penalty and attorney's fees provided for allowance by Rev. St. 1911, art. 4746, against an insurance company for failure to settle a loss, were properly allowed in a suit on a policy insuring live stock in which plaintiff showed full performance and the defense was the unconstitutionality of the statute requiring annexation of the application to the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1498; Dec. Dig. ☞602.]

7. INSURANCE ☞654—ACTION ON POLICY—LIVE STOCK—EVIDENCE.

In an action on a policy insuring a mule, alleged to have died from overheat, it was not error to permit witness to testify that he had treated the mule kindly and had not overdriven it on the day that it died, and that the day was not unusually warm for October.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1677, 1680, 1681, 1683–1685; Dec. Dig. ☞654.]

Appeal from Caldwell County Court; J. T. Ellis, Judge.

Action by F. H. Gomillion against the National Live Stock Insurance Company. On defendant's appeal from a justice of the peace to the county court, there was judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 174 S. W. 330.

Appellant issued a policy of insurance to appellee on a mule for $150 against loss by death caused by accident or disease. It died of disease within the life of the policy. The appellee was the owner of the mule at the time of its death. The policy provided that not more than two-thirds of the value of the mule at the time of its death should be collected. At the time the policy was issued and at the time of its death, the mule was worth $275. It did not die through any negligence or carelessness of appellee. Appellee complied with all the terms of the policy.

Appellee demanded the payment of said loss, which was refused. He brought suit in the justice's court for $150, and 12 per cent. interest thereon as a penalty and reasonable attorney's fees, which he alleged was $25. He recovered judgment in the justice's court for the full amount sued for. The case having been appealed, the county judge instructed the jury to return a verdict for appellee for a like amount, which they did, and judgment was rendered in accordance therewith.

E. B. Coopwood and Nye H. Clark, both of Lockhart, for appellant. O. Ellis, Jr., S. R. Graves, and T. B. Monroe, all of Lockhart, for appellee.

JENKINS, J. (after stating the facts as above). The policy of insurance contains the following clause:

"Reference being had to assured's application No. 6421 on file in this office, which is hereby made a part of this policy, and a warranty on the part of the assured herein."

Neither said application nor a copy thereof was attached to or accompanied said policy. Appellant pleaded said application and alleged misrepresentations therein. Appellee excepted to such plea for the reason:

"That said application nor a copy thereof was not attached to said policy, as required by the laws of Texas, as well as a copy of all questions asked and answers given thereto, and that by reason thereof the defendant could not plead the falsity of said application as a defense against the liability of defendant under said policy"—which exception was sustained and said plea was stricken out.

[1] Appellant assigns error upon the action of the court in striking out said plea, and insists that there is no law in this state requiring a copy of the application to accompany an insurance policy on live stock. Article 4951, R. S., reads as follows:

"Every contract or policy of insurance issued or contracted for in this state shall be accompanied by a written, photographic or printed copy of the application for such insurance policy or contract, as well as a copy of all questions asked and answers given thereto."

The penalty for failure to comply with this article is not stated therein. We think that the effect of such failure is to exclude such application and questions and answers from the insurance contract, notwithstanding the fact it may be referred to in the policy as a part thereof. That such was the intention of the Legislature as to life insurance policies seems manifest from article 4953, R. S., which reads as follows:

"Every policy of insurance issued or delivered within this state on or after the first day of January, 1910, by any life insurance company doing business within this state, shall contain the entire contract between the parties, and the application therefor may be made a part thereof."

How? By a copy thereof accompanying the same, as provided in article 4951.

[2, 3] Appellant insists that article 4951 is unconstitutional for the reason that it was enacted by the Twenty-Eighth Legislature as a part of chapter 69 of said Acts, p. 94, and that the subject-matter of said article is not included in the caption to the act. Article 3, § 35, of the Constitution of this state, provides that not more than one subject shall be contained in a bill, and that the same shall be expressed in the title. Under the decisions of this state, this section of the Constitution is mandatory, but should be liberally construed. In Giddings v. San Antonio, 47 Tex. 553, 26 Am. Rep. 321, the court quotes with approval from Dillon on Municipal Corporations, as follows:

"This provision has been frequently construed to require only the general or ultimate object to be stated in the title, and not details by which the object is to be obtained."

One of the objects stated in the title of the act above referred to was:

"Providing that no insurance contract shall be held void because of immaterial misrepresentations made in the application therefor, or in

the contract of insurance, and providing conditions upon which a defense may be made upon the ground of misrepresentation in the application."

The condition prescribed in article 4951, one of the sections of the bill, upon which a defense as to misrepresentations in the application may be made, is that the policy "shall be accompanied by a written, photographic or printed copy of the application for such policy." That is but a detail and is included in the general expressed object as above set forth. See, also, State v. Revelle, 257 Mo. 529, 165 S. W. 1086.

[4] But, regardless of whether or not article 4951 is constitutional, it is binding upon the appellant for the reason that it is a foreign insurance company doing business under a permit from the proper authorities of this state. Article 4972, tit. 71, R. S., reads as follows:

"The provisions of this title are conditions upon which foreign insurance corporations shall be permitted to do business within this state, and any such foreign corporation engaged in issuing insurance contracts or policies within this state shall be held to have assented thereto as a condition precedent to its right to engage in such business within this state."

Article 4951 is a part of said title.

In the case of Insurance Co. v. Dalton, 178 S. W. 966, not yet officially published, this court said:

"But it is insisted on behalf of appellee that the stipulation in the policy concerning additional insurance is void. * * * Appellant is a foreign corporation and can do business in this state only upon such terms as the state deems proper to prescribe. * * * In Waters-Pierce Oil Co. v. State of Texas, 177 U. S. 28, 20 Sup. Ct. 518, 44 L. Ed. 657, the Waters-Pierce Oil Company assailed the validity of an antitrust statute of this state upon the ground that it was unconstitutional and void, but the Supreme Court held that as the company was a foreign corporation, and as the state had prescribed as a condition upon which it obtained its permit to do business in the state, that it must accept the terms of the statute assailed."

For the same reason it is immaterial whether or not article 4955 is unconstitutional, as contended by appellant. This article provides:

"That all the provisions of the laws of this state applicable to the life, fire, marine, inland, lightning, or tornado insurance companies, shall, so far as the same are applicable, govern and apply to all companies transacting any other kind of insurance business in this state," etc.

Subdivision 46 of article 1121, R. S., makes live stock insurance companies amenable to "all of the provisions of title 71 of the Revised Statutes of Texas."

For the reasons stated, we hold that the trial court did not err in sustaining the exceptions to that portion of appellant's answer wherein it pleaded the application and questions and answers upon which the insurance policy was issued. This disposes also of appellant's assignments of error relative to refusing to permit said application and the deposition of the witness Cohen concerning same, to be read in evidence.

[5] Appellee, after setting forth the contract of insurance, alleged that he had "duly performed all the conditions required of him by the terms of said policy." Under the liberal rules of pleading in justice's courts, we think this was sufficient, and hence we overrule appellant's fourth assignment of error.

[6] We overrule appellant's sixth assignment of error, which complains of the judgment in so far as it relates to allowing 12 per cent. penalty and reasonable attorney's fees, as provided in article 4746, R. S.

[7] There was no error in permitting the witness Spaulding to testify that he had treated the mule kindly and had not overdriven the same on the day that it died, and that the day was not unusually warm for that time of the year (October). The policy provided that the company would "not be liable for losses occurring through negligence or carelessness of the assured." It could not work any material injury to appellant for appellee to prove that he complied with the terms of the policy in the respect mentioned.

The proof shows that the mule died from overheat, and that overheat is a disease caused sometimes by working in hot weather, and sometimes by intestinal troubles, excitement, and nervousness. Dr. Buchel, a veterinary, testified:

"Heatstroke and overheat are interchangeable. * * * Heatstroke or overheat is a disease. * * * Often we say that an animal suffers from overheat, when we mean that overheat is not the cause, but the result of the trouble; the trouble being really caused from intestinal troubles."

There is no merit in the contention that appellee was not entitled to recover because he stated that the mule died from overheat, and that some of the evidence indicated that it died from colic.

Under the undisputed evidence, as indicated in our findings of fact herein, the court did not err in instructing a verdict for the appellee.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.