KNODEL et al. v. EQUITABLE LIFE INS.
CO. et al. (No. 5826.)

(Court of Civil Appeals of Texas. San Antonio.
April 4, 1917.)

1. CONSTITUTIONAL LAW ☞92 — EXTENT OF
AUTHORITY OF AGENT—DECLARATIONS.
The extent of the authority of an agent for
a life insurance company could not be proven by
evidence of his own declarations, which the court
properly excluded in a suit on policies.
[Ed. Note.—For other cases, see Constitution-
al Law, Cent. Dig. § 122.]

2. INSURANCE ☞388(2) — LIFE INSURANCE —
PAROL AGREEMENT OF AGENT — BINDING
FORCE—STATUTE.
Under Rev. St. 1911, art. 4953, providing
that every policy of insurance issued or delivered
within the state on or after January 1, 1910, by
any life insurance company doing business with-
in the state, shall contain the entire contract
between the parties, and that the application
may be made a part, a life insurance company
was not bound by the parol promise of its agent
that there would be no forfeiture of the policy
for nonpayment of premium, the policy contain-
ing a provision therefor, unless the beneficiary
were first notified and thereafter defaulted, and
by the agent's statement that the application
and policy contained such a clause.

3. EVIDENCE ☞441(13) — LIFE INSURANCE —
ENFORCEMENT OF PAROL AGREEMENT OF
AGENT—STATUTE.
Under such statute, if the agent could so
bind the life insurance company by his promise
and statements, the court in which suit on the
policy was brought could not read the agent's
promise into the policies and enforce them as
amended; all evidence of parol agreements not
expressed in the policy being excluded by the
statute.
[Ed. Note.—For other cases, see Evidence,
Cent. Dig. §§ 1818–1824, 2046.]

Appeal from District Court, Guadalupe
County; M. Kennon, Judge.

Suit by Hermine Knodel and another
against the Equitable Life Insurance Compa-
ny and another. From a judgment for de-
fendants, plaintiffs appeal. Affirmed.

E. E. Fischer and Dibrell & Moscheim, all
of Seguin, for appellants. Templeton, Brooks,
Napier & Ogden and Jas. A. Harley, all of
San Antonio, for appellees.

SWEARINGEN, J. This was a suit by
appellants, Hermine and Wm. Knodel,
against the Equitable Life Insurance Com-
pany and the Great Southern Life Insur-
ance Company, to recover upon two life in-
surance policies, for the sum of $1,000 each,
issued upon the life of Hermann Reinhold
Knodel, July 14, 1913, by the Equitable Life
Insurance Company, and subsequently as-
sumed by the Great Southern Life Insur-
ance Company. The premium was payable
annually in advance. The first premium was
paid upon delivery of the policy, and before it
became effective; the second premium was,
by the terms of the policy, payable to the
company at the home office on or before

July 14, 1914, as required by statute (Rev.
St. 1911, art. 4741). This second annual pre-
mium was never paid. Hermann Knodel
died October 4, 1914, more than 75 days after
default in payment of premium. By the
terms of the policy the failure to pay the
second premium on July 14, 1914, ended the
policy. No act of the company was required
to declare or enforce the forfeiture. The
failure to pay the premium when due alone
forfeited the policy. Equitable Life Assur-
ance Co. v. Ellis, 105 Tex. 536, 147 S. W.
1152, 152 S. W. 625.

Appellants, to avoid the effect of the terms
of the policies sued upon, alleged and offered
testimony to prove that, before the applica-
tions for the policies were signed by the in-
sured, the agent of the company agreed with
the insured, the beneficiary, Mrs. Hermine
Knodel, and with Wm. Knodel, her husband,
that the policies would not contain the clause
providing forfeiture for nonpayment of the
annual premiums at the home office when
due, and agreed that the clause should pro-
vide that the policy would not be forfeited
for nonpayment of premium unless Wm.
Knodel had been notified to pay the premium
and default was thereafter made. Evidently
realizing that the terms of a written con-
tract could not be thus altered by such parol
testimony, appellants pleaded further, and
offered to prove, that the agent told the insur-
ed, the beneficiary, and her husband that the
applications contained the last-mentioned
clause of no forfeiture for nonpayment of pre-
mium unless Wm. Knodel was notified, and
further stated that both policies also con-
tained similar clauses. They all three re-
lied upon the said promise and the state-
ments of the soliciting agent, because he
was well and favorably known to them, and
because none of the three could read the Eng-
lish language understandingly, and because
the insured was feeble-minded. These state-
ments, claimed to have been made by the
agent, were false, for neither the applications
nor policies contained such clauses.

Under the foregoing pleadings and facts
offered to be proven, appellants contend that
the promised agreement of the agent should
be read into the policies, and that appellants
be permitted to recover the face of the pol-
icies, with interest, less the annual premium,
with interest, and that they also recover rea-
sonable attorney's fees and the statutory
penalty. Appellees contended that such
promise and statements, if made by the solic-
iting agent of the company, cannot bind the
companies, for the reason that the statute
(article 4953) requires the entire contract to
be expressed in the policies, or application
and policies, and for the reason that it is
not shown that the agent had such authority;
but, on the contrary, appellees insist that
the applications themselves expressly limit

the agent's authority in the following language:

"Any policy issued hereon shall be in the form now used by the company and together with this application and part 2 [medical examination] thereof shall constitute the entire contract, which can only be varied by the president, a vice president, or secretary of the company, and then only in writing"

—and that both policies delivered contained the following limitation:

"Only *president*, a *vice president*, or *secretary* has power on behalf of the company to *make* or modify *this* or *any* contract of insurance, * * * and the company shall not be bound by any promise or representation heretofore or hereafter made, unless made in writing by one of *said* officers."

There is no pleading nor evidence tending to show ignorance of this limitation of the agent's authority, nor any to excuse appellants for not knowing the limitation. The court excluded all offered evidence to prove by parol a contract variant from the written one and not expressed in the policies, and excluded testimony of declarations of the agent as to the extent of his authority, to which rulings of the court appellants excepted. The court instructed the jury to find for the appellees and rendered judgment thereupon against the appellants. By ten assignments appellants present for our consideration three questions:

[1] First. Could the extent of an agent's authority be proven by evidence of his declarations?

This must be answered in the negative. The court properly excluded declarations of the agent as to the extent of his authority. Alamo Live Stock Com. Co. v. Heimer, 192 S. W. 591.

[2, 3] Second. Was the company bound by the promise of the agent that there would be no forfeiture for nonpayment, unless Wm. Knodel were first notified and thereafter defaulted, and the agent's statement that the applications and policies contained such clauses?

Third. If the agent could so bind the company by his promise and statements, can the court read the promise into the policies and enforce them as thus amended?

We think both of the last questions must also be answered in the negative. Appellants did not pray for cancellation of the policies and sue for recovery of the premium paid and cancellation of obligations for premium because the minds of the parties had not met, as was the cause of action in Mutual Life Ins. Co. v. Hargus, 99 S. W. 580, and Equitable Life Ass'n Soc. v. Maverick, 78 S. W. 560. On the contrary, appellants sought to enforce the written contract as changed by the parol promise.

The policies which are the basis of this suit, were executed after 1910, and are controlled by article 4953 of the Revised Civil Statutes:

"Every policy of insurance issued or delivered within this state on or after the first day of January, 1910, by any life insurance company doing business within this state, shall contain the entire contract between the parties, and the application therefor may be made a part thereof."

In our opinion this statute is binding upon all parties to an insurance contract, and excludes all evidence of parol agreements not expressed in the policies. National Live Stock Ins. Co. v. Gomillion, 178 S. W. 1050.

For the reasons apparent from the above, we overrule all the assignments of error, and affirm the judgment of the trial court.

Judgment affirmed.