**GREAT SOUTHERN LIFE INS. CO. v. DOLAN.   (No. 548-3801.)**

(Commission of Appeals of Texas, Section A. June 6, 1924.)

1. **Insurance ⟨key⟩665(2)—Evidence held insufficient to establish contract with agent susceptible of ratification.**

Evidence *held* insufficient to establish contract with insurance agent susceptible of ratification by insurer or on which insurer could become liable by estoppel.

2. **Principal and agent ⟨key⟩164(1)—Principal may ratify agent's contract, but contract by agent must exist.**

Principal may ratify unauthorized contract of agent, but there must be a contract before there can be a ratification.

3. **Principal and agent ⟨key⟩137(1)—Agent's contract must be existent before principal can be estopped to deny liability under same.**

Principal may be estopped to deny validity or binding effect of unauthorized contract by agent, but contract must be existent before such estoppel can arise.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by Lura Lee Dolan against the Great Southern Life Insurance Company and Lee Glascock. Judgment for plaintiff against insurance company and judgment for defendant Glascock was affirmed by the Court of Civil Appeals (239 S. W. 236), and defendant insurance company brings error. Judgment of district court and Court of Civil Appeals against insurance company reversed ⁕ and cause remanded to district court. Judgment in favor of defendant Glascock affirmed.

C. W. Croom, Gowan Jones, and Jno L. Dyer, all of El Paso, for plaintiff in error.

Lea, McGrady, Thomason & Edwards, of El Paso, for defendant in error.

GERMAN, P. J. Defendant in error brought this suit in her individual right and as survivor of the community estate of herself and her husband, H. P. Dolan, deceased, against Great Southern Life Insurance Company, and a judgment in her favor for $15,000 insurance, $2,500 attorney's fees, $1,800 statutory damages, and for interest, was affirmed by the Court of Civil Appeals. 239 S. W. 236.

The question to be considered make it necessary for us to set out somewhat fully the allegations of the petitions on which defendant in error went to trial. The basis of her cause of action as set forth in her second amended original petition was as follows:

"That heretofore on or about March 27, 1918, defendant Great Southern Life Insurance Company, acting through defendant Lee Glascock, its duly authorized agent, made a contract with the said H. P. Dolan for a valuable consideration, the substance of which was that defendant company from said date insured the life of the said H. P. Dolan and promised to pay plaintiff herein as beneficiary in said contract the sum of $15,000, upon proof to it of the death of the said H. P. Dolan, on condition that he the said Dolan should comply with his part of the contract, which was in effect that the said Dolan would pay defendant company or its agent annual premiums, each in the sum of $390.45, or approximately that amount, during the life of said Dolan, and while said contract was in force; and plaintiff says that said Dolan did then and there at the time of making such contract pay defendant

company through its authorized agent, Lee Glascock, the sum of $390.45 as the first annual premium upon said insurance contract, and the said Dolan further complied with all of the other obligations upon him existing by reason of said contract, among other things being that he answer in writing all questions propounded to him upon the printed blank forms furnished by defendant company for that purpose and submit to the usual medical examination before a physician or medical examiner as demanded by the company, all of which said Dolan did and submitted to..

"That it was then and there agreed between the said H. P. Dolan and defendant company acting through its agent, Lee Glascock, that said contract of insurance should become binding on defendant company and should be in full force and effect from said date of payment of premium, to wit, March 27, 1918; and defendant company further promised, as an additional undertaking on its part, that in due course of time thereafter it would issue to the said H. P. Dolan a formal life insurance policy for the sum above stated, with plaintiff named as beneficiary therein, in more formal terms evidencing said contract, but through some fault or neglect on the part of the defendant company, its agents and employees, defendant never issued such policy, or if they did issue the same such was not received by the said H. P. Dolan.

"That said contract of insurance was in part verbal, and plaintiff does not know the full details thereof, but the defendant company, its agents, servants and employees, do know all of the terms thereof and concealed the same from plaintiff, and have failed and refused to acquaint her with the details of such insurance contract and refused to give her any information relative to same.

"That said H. P. Dolan signed and delivered to defendant company, through its agent, defendant Glascock, a written application, which sets out some additional details of said contract, which application was forwarded to and is now in possession of defendant company, and was accepted by it and never returned to said H. P. Dolan or any further notice given to him with reference to same, and that after such application was made by the said H. P. Dolan defendant company for value waived all requirements therein imposed upon the said Dolan, other than such of its stipulations as said Dolan complied with."

It was further alleged that if said Glascock did not have authority to make such contract with the said H. P. Dolan, he did have the apparent authority to do so, and that the defendant company had ratified said contract. It was also alleged that the company had received and appropriated the first premium paid by Dolan, and by its acts had led the said Dolan to believe he had been insured in the sum of $15,000, and—

"That by reason of the aforesaid acts and conduct on the part of the defendant company and other acts and conduct on the part of defendant not known to plaintiff but known to defendant, said defendant company is estopped to deny such contract with the said H. P. Dolan, and is estopped to deny that said Glascock had authority to make such contract."

In her first supplemental petition defendant in error alleged that with full knowledge of the contract made by its agent Lee Glascock, defendant company ratified and approved said contract made by the said Glascock in its behalf, and accepted the benefits thereunder, and accepted the offer made by Dolan in said application. That by said acts Dolan was led to believe that he had been insured by the defendant company in the sum of $15,000, and thereby—

"Said company is estopped to deny that it made the alleged contract with said H. P. Dolan, through its agent Glascock, and is estopped to deny that said Glascock had authority to make such contract, and is estopped to deny that said Glascock had authority to waive any or all of the provisions in said application pleaded by defendant company."

In her first trial amendment defendant in error pleaded that defendant company had waived certain provisions of the written application, for the reason:

"That it had notice that the said Lee Glascock had agreed with said H. P. Dolan that his contract of insurance should go immediately in force from date of said application, said company with notice of said representations made by said Glascock to said Dolan having received, accepted and approved said application and the agreement made by said Glascock, and agreed to be bound by said representations, thereby waiving said provisions as aforesaid."

Said trial amendment then sets out various facts and circumstances to show that Glascock had the apparent authority to make the contract of insurance alleged to have been made, and concludes with this statement:

"It has clothed him with apparent authority to make with said H. P. Dolan the contract on which this suit is brought and is now estopped to deny such contract or the authority of Glascock, its agent, in making same."

From an analysis of the foregoing allegations, it will be seen that the basis of defendant in error's suit was a contract of insurance alleged to have been made March 27, 1918, by Lee Glascock as agent of the Great Southern Life Insurance Company with H. P. Dolan. And in the alternative it was claimed that if Glascock did not in fact have authority to make such contract, then (a) the company had ratified the same; (b) that the company was estopped to deny that the contract had been made; and (c) that the company was estopped to deny the authority of Glascock to make the contract.

The authority of Lee Glascock to represent the insurance company as agent was contained in a written contract of employment. This contract authorized the agent to procure applications for life insurance, to collect and forward to the company the first premium, and prohibited the agent from making any policy or other contract binding on the

company. On the trial of the case the court took from the consideration of the jury, as against the Great Southern Life Insurance Company, any statements or promises made by Glascock to Dolan at the time the application was written. With this testimony eliminated, the following are substantially all the facts with reference to the alleged contract for insurance between Dolan and the company:

On March 27, 1918, on solicitation of Glascock, Dolan made application to the Great Southern Life Insurance Company for a policy of insurance in the sum of $15,000, at which time he paid to Glascock the first premium thereon amounting to $390.45. On April 17, 1918, Dolan was examined by Drs. Fuller and Church, local medical examiners, and the result of the examinations was sent to the medical director of the insurance company at Houston, Tex. Each of these medical examiners recommended Dolan as an insurable risk. Both local examiners sent to the company's head office at Houston specimen of applicant's urine, as was required. Under a microscopic examination by the company's specialist at Houston, the specific gravity of this urine was found not to be satisfactory, and the medical department made request on the local physicians for another specimen. The local physician testified that he sent this second specimen to Houston, but the company's physician testified that it was never received. On May 29, 1918, the application of Dolan was declined and marked off by the company. No policy of insurance was ever issued. No notice to Dolan was given of the declination of his application or the marking off of same by the company. The insurance company returned to Glascock the part of the premium it had received, and instructed him to refund to Dolan the entire premium paid; but Glascock failed to do so. Dolan died December 1, 1918, without being notified that his application had been declined. The application on its face showed that it was a proposal or application for insurance, and it provided that no statements, promises, or information made or given by the agent should be binding upon the company. Defendant in error was named in the application as beneficiary.

[1] In the light of these facts, we think it is apparent that the judgment rendered has no basis in the pleadings. As pointed out above, the suit was based upon an alleged contract made March 27, 1918, by Glascock as agent with Dolan, and which was to be effective from that date. The proof fails to show any such contract. We have searched the record in vain for allegations to support the contention that by accepting the application (if under any theory acceptance could be implied) the company thereby consummated a contract and that the contract thus made was the one sued upon. The allegations of the petitions cannot be given this construction. The sole basis of liability relied upon is the alleged contract made by Glascock March 27, 1918, which, it is claimed, became effective by reason of ratification or estoppel.

[2, 3] The only questions submitted to the jury related to the issue of estoppel. They answered that Dolan was led to believe from the acts of the company and of its agent, done within the scope of his authority, that the company had accepted his application for insurance and that he was insured in accordance therewith. They further found that the company knew or had reason to believe that Dolan so believed. We are unable to see how these findings are pertinent. A principal may ratify the unauthorized contract of its agent, but there must be a contract before there can be ratification. The principal may be estopped to deny the validity or binding effect of an unauthorized contract by its agent, but there must have been such contract made before the estoppel can be invoked. But here the evidence wholly fails to show a contract made by Glascock with Dolan. All that the agent did was to receive and forward the application and the first premium. The application did not purport to create liability for the insurance. It was merely the first step in the creation of the contract. According to defendant in error's own allegations, the contract sued upon was not dependent upon the acceptance of the application, nor the issuance of policy, and its provisions were not contained in the application. Among other things, it is alleged:

"That said contract of insurance was in part verbal; * * * that said Dolan signed and delivered to defendant company, through its agent, a written application, which sets out some additional details of said contract; * * * that it was then and there agreed between the said H. P. Dolan and defendant company, through its agent, Lee Glascock, that said contract should become binding on defendant company and be in full force and effect from said date of payment of premium, to wit, March 27, 1918; and defendant company further promised, as an additional undertaking on its part, that in due course of time thereafter it would issue to the said H. P. Dolan a formal life insurance policy for the sum above stated, with plaintiff as beneficiary therein, in more formal terms evidencing said contract."

If the suit had been based upon the application and the acceptance of same by the company, it would be necessary to consider some of the interesting questions discussed in the briefs of the parties. But it is clear to us that when defendant in error went to trial she was relying upon the statement, promises, and agreements made by Glascock to Dolan, aided by the plea of estoppel against the company, and when the trial court denied her the right to prove these, her cause of action, as pleaded, was left without foundation in the facts.

We recommend that the judgment of the Court of Civil Appeals and the judgment of the district court as to the plaintiff in error, Great Southern Life Insurance Company, be reversed and the cause be remanded. As the judgment in favor of Lee Glascock has not been appealed from, it will remain undisturbed, and this will obviate the question of misjoinder of parties in the event of another trial.

CURETON, C. J. Judgment of district court and Court of Civil Appeals as against plaintiff in error reversed, and cause remanded to district court. Judgment of district court and Court of Civil Appeals as against Lee Glascock is affirmed. All as recommended by the Commission of Appeals.