**AMERICAN NAT. INS. CO. v. SMITH et al.**
**(No. 2223.)**

Court of Civil Appeals of Texas. El Paso.
Jan. 17, 1929.

Rehearing Denied Feb. 7, 1929.

Isaacks & Lattner, of El Paso, for appellant.

Sydney Smith, E. B. Elfers, and Jones, Hardie & Grambling, all of El Paso, for appellees.

HIGGINS, J. Appellant, a Texas corporation, with its home office at Galveston, brought this suit against numerous defendants to whom it had issued life insurance policies and against their attorneys, Sydney Smith and E. B. Elfers, to enjoin the prosecution of suits filed and threatened to be filed by the policyholders in justice courts of El Paso county, wherein they sought to recover from appellant premiums paid by such holders upon the policies so issued. The trial court refused a temporary injunction. Upon appeal to this court, the temporary injunction was granted. The opinion upon the former appeal, reported 1 S.W.(2d) 515, will disclose the theory upon which the action was brought. That phase of the case is no longer material, for thereafter appellant amended its petition by bringing in additional defendants who had filed or were threatening to file similar suits in the justice courts, and the defendants named in the amended petition filed a cross-action against appellant to recover the premiums paid by them. Thus the purpose of appellant's suit was accomplished, but there was injected the issue of the defendants' right to recover such premiums. The theory upon which such recovery was sought is apparent in the latter course of this opinion.

The policies were of that class of life insurance known as industrial insurance; the premiums being payable weekly. The applications for the policies contain this provision:

"I further agree that no obligation shall exist against said Company on account of this application, although I may have deposited premiums hereon, unless said Company shall issue a policy in pursuance hereof, and the same is delivered to me on the day it bears date, and unless on said date I am alive and in good health, any statement of any agent to the contrary notwithstanding."

Copies of these applications did not accompany the policies as required by article 5049, R. S.

The face of the policies read as follows:

"American National Insurance Company in consideration of the payment in advance of the premium mentioned in the schedule below on or before each Monday during the continuance of this contract doth hereby agree, subject to the agreements and conditions below and on the reverse hereof, each of which is hereby made part of this contract and contracted by the assured to be part hereof as fully as if herein recited, to pay, immediately upon receipt of due proof of the death of the Insured made in the manner, to the extent and upon the blanks required herein, and upon surrender to the Home Office of of this Policy and all Receipt Books, the amount stipulated in said schedule, Provided, however, that no obligation is assumed by the Company prior to the date hereof, nor unless on said date the Insurer is alive and in sound health."

Material portions of a written stipulation are as follows:

(1) "That the application for each of the policies issued by the plaintiff and held by the defendants was executed by the policy holder, or someone for him or her, in the Republic of Mexico, and there delivered to plaintiff's soliciting agent who was there soliciting such insurance as agent of the plaintiff."

(2) "That at the time of the execution and delivery of the application there was paid to the agent of the plaintiff at least two weeks' premium in advance; that said premiums were paid in Mexico to the same agent of the plaintiff that secured the application, and that the application, together with the advance deposit (two or more weekly premiums), was brought by the plaintiff's agent to El Paso and deposited in the plaintiff's district office at El Paso, Texas."

(3) "That each of the applications were transmitted to the home office of the plaintiff at Galveston, Texas, and each policy involved was then prepared by the Company and duly signed by its proper officers, and post dated to be of date of the following Monday and mailed a sufficient length of time in advance of the following Monday to reach the district office at El Paso not later than Saturday preceding such Monday for delivery on the following Monday. Each policy was then mailed to the El Paso district office of the plaintiff and each policy then delivered to the agent of the plaintiff; that thereafter the agent of the plaintiff, on the following Monday took the policy, together with the form of Receipt Book, in which had been entered, as of the date of

the policy, the advance premiums previously paid, to Juarez, Mexico, and there delivered the policy with the Receipt Book to the applicant on the date that the policy bore."

(4) "That prior to June 18th, 1926, plaintiff's agent called upon each of the defendants herein in the city of Juarez to collect the weekly premiums, and entered the receipt therefor in the Receipt Book of the policy holder, and the amount of premiums collected by the plaintiff on each policy involved herein is as stated in the respective premium Receipt Books delivered by the plaintiff at the time of the delivery of the policy. * * * "

(5) "That at all times covered by the transactions involved in this suit the laws of the Republic of Mexico provided that no person, company or corporation should be permitted to transact an insurance business in the Republic of Mexico without first complying with the laws of that Country, and securing a permit to do business there; such laws further providing that any person, company or corporation doing business in the Republic of Mexico without having complied with the laws, and without having secured such permits, should be punished as provided for under the laws of Mexico, and that all transactions in connection with the writing of such insurance and all documents issued should be null and void, and should not be of any effect whatsoever."

(6) "That plaintiff herein, has at no time, complied with the laws of Mexico, and has never obtained a permit to do business in Mexico. * * * "

"It is stipulated that under the laws of Mexico where a Company was not authorized to do business it is the law that contracts of insurance made by said company in Mexico should be void, and that the premiums which may have been paid on such void policies should be returned to the parties that paid the premiums."

The instruction book issued by appellant to its soliciting agents contains the following:

"1. *Instructions Confidential.*—This Book is for your individual use only, and it is to be deemed by you private and confidential. The instructions herein are to govern the Industrial Business of this Company until revoked or amended. No one except an executive officer has authority to waive or change them in any respect. You will make it your duty to master them, then follow them to the letter."

"31. *Delivering Policies.*—Deliver no policy without seeing the policyholder and satisfying yourself that the risk is in sound health. If appearance is not satisfactory, send the policy back to the Company, stating the cause and await further instructions."

Upon trial, two issues were submitted, in response to which the jury found:

(1) The policies were not mailed by the plaintiff from its home office in Galveston, Tex., to its district office at El Paso Tex., with the intention that same be unconditionally delivered on the date they bore, to the applicants for the policies, by the agent of its district office in El Paso.

(2) The agent of the El Paso office of the American National Insurance Company, in the making of delivery of each of the policies involved in this suit, was required by the company to make an investigation and satisfy himself that the person whose life was to be insured was alive and in good health at the time of the delivery of the policy before making such delivery.

In accordance with the prayer of the cross-plaintiffs, judgment was entered in favor of their attorney, Sydney Smith, trustee, for the aggregate amount of the premiums paid. Appellant takes no exception to the rendition and entry of the judgment in favor of such trustee rather than the policyholders.

The attack made upon the sufficiency of the evidence to support the findings of the jury is overruled. The agreed facts and other evidence adduced overwhelmingly support the findings.

█ It is a familiar rule that the validity of a contract is governed by the law of the place where it is made. The quoted provision of the applications show that appellant assumed no obligation unless it issued a policy in pursuance thereof and same was delivered to the applicant on the day it bore date. It was also shown that the policies were postdated as of the following Monday, forwarded to the El Paso office to be delivered to the policyholders on the date of the policy, and delivery made on such date in Mexico to the parties to whom the policies were issued.

█ This all shows that the contracts evidenced by the policies were not completed and effective until delivery to the policyholders. 32 C. J. title, "Insurance," §§ 188 and 226; Fidelity, etc., v. Harris, 94 Tex. 25, 57 S. W. 635, 86 Am. St. Rep. 813; American Home Life Ins. Co. v. Melton (Tex. Civ. App.) 144 S. W. 362; Homesteaders', etc., v. Booth (Tex. Civ. App.) 285 S. W. 889; Great Southern Life Ins. Co. v. Dolan (Tex. Civ. App.) 239 S. W. 236; Id. (Tex. Com. App.) 262 S. W. 475; Coker v. Atlas, etc. (Tex. Civ. App.) 31 S. W. 702; 1 Cooley, Briefs on Insurance, pp. 429 and 445, and cases there cited.

Delivery being the final act in making the policies effective, and that act being performed in Mexico, the contracts must be held to have been made there and the validity thereof governed by the law of that republic. Fidelity, etc., v. Harris, 94 Tex. 25, 57 S. W. 635, 86 Am. St. Rep. 813; Equitable Life Assur. Soc. v. Pettus, 140 U. S. 226, 11 S. Ct. 822, 35 L. Ed. 497; Wood v Cascade Ins. Co., 8 Wash. 427, 36 P. 267, 40 Am. St. Rep. 917.

█ In this connection appellant invokes the

aid of articles 5049 and 5050, R. S., which, among other things, provide, in substance, that every policy of insurance issued in this state shall be accompanied by a copy of the application therefor, and every such policy shall contain the entire contract between the parties. In this connection appellant cites National Live Stock Insurance Co. v. Gomillion (Tex. Civ. App.) 178 S. W. 1050; National Life & Accident Ins. Co. v. Love (Tex. Civ. App.) 282 S. W. 829; Knodel v. Equitable Life Ins. Co. (Tex. Civ. App.) 193 S. W. 1139; Ofield v. National Ben. Life Ins. Co. (Tex. Civ. App.) 293 S. W. 271, and other cases.

These statutory provisions have no present application, for the question here is not as to the terms of the contracts, but as to the time and place they were finally executed and became effective. The cited articles cannot be invoked to defeat the right to show when and where they became effective. As to that, they are wholly irrelevant. The cases cited were suits to recover upon policies of insurance, and the defendants sought to invoke the aid of provisions in the applications which did not accompany the policies as issued, and, if such had been allowed, it would have altered the effect of the contract as evidenced upon the face of the policies. The cited cases manifestly have no application to the present inquiry and action. This being the case, the court did not err in admitting the application and other evidence to show when and where the policies were delivered and thereby finally executed.

 Under the law of Mexico, the contracts were null, void, and of no effect whatever because of appellant's failure to comply with its laws by obtaining a permit to do business there. The law of Mexico also provides that the premiums which may have been paid on such void policies shall be returned to the parties who paid the same. We need not inquire whether this latter provision of the Mexican law governs the right of appellees to recover such premiums, for the rule of the common law is that the insured may recover premiums paid on a policy void ab initio, to which no risk ever attached; he being free from fault or blame in the matter. 3 Joyce on Ins. (2d Ed.) §§ 1390 and 1398; 32 C. J. title "Insurance," §§ 403 and 407; Hogben v. Metropolitan Life Ins. Co., 69 Conn. 503, 38 A. 216, 61 Am. St. Rep. 53.

In Metropolitan Life Ins. Co. v. Felix, 73 Ohio St. 46, 75 N. E. 941, 4 Ann. Cas. 121, it was said: "More than a century ago it was held by Lord Mansfield in Tyre v. Fletcher, Cowp. 666, that premiums paid upon a void policy of insurance may be recovered because 'the underwriter receives a premium for running the risk of indemnifying the insured, and whatever cause it may be owing to, if he does not run the risk the consideration for which the premium or money was paid into his hands fails, and therefore he

ought to return it.' Such appears to have been the accepted law since that time."

█ In this connection appellant insists that these contracts are enforceable in the courts of this state and therefore a risk attached. This is not in accord with the well-settled general rule that a contract invalid where made is invalid everywhere and its invalidity, when so determined, generally will be recognized wherever it is sought to be enforced, even though the law of the forum would have determined otherwise if applicable. 5 R. C. L. 934; Western Union Tel. Co. v. Eubanks 100 Ky. 591, 38 S. W. 1068, 36 L. R. A. 711, 66 Am. St. Rep. 361.

As was said in Shelton v. Marshall, 16 Tex. 344: "It is clear, therefore, that if suit had been brought upon this note, in the state of Mississippi, where it was made, it would have been held that it was void by reason of the illegality of the original consideration, and consequently no recovery could have been had upon it. This unquestionably is the law of the case, as settled by the courts of the state where the contract was made. Being the law of the contract there, it ought to be so held here; upon the principle before stated, that a contract, which is invalid by the law of the place where it is made, will carry with it no obligatory force elsewhere; and cannot be enforced in the courts of any other country. If it will not support an action where it was made, it will not authorize a recovery elsewhere."

██ But, if upon some principle of estoppel or by virtue of our statutory provisions the appellant in an action upon one of the policies in the courts of Texas would be precluded from relying upon its invalidity under the law of Mexico, this in our opinion would not defeat the present suit, for the policyholders were entitled to contracts valid under the law of Mexico where they were completed, and enforceable in the courts of that republic.

In 32 C. J. 1235, it is said: "The fact that the company might be estopped from denying its liability on the policy in case of loss does not affect the right to demand the return of the premiums paid."

In Metropolitan Life Ins. Co. v. Felix, supra, it was said: "It is of the essence of the doctrine stated by Lord Mansfield, and approved in the considerate cases upon the subject, that, there being no fraudulant conduct by the beneficiary, to constitute a consideration for the payment of premiums, there must be a contract against which at the time of its execution the insurer cannot interpose a valid defense."

In our opinion the record in this case shows contracts finally consummated in Mexico and governed by the laws of that republic, contracts void ab initio under the laws of Mexico, and judgment was properly rendered for the premiums paid upon the policies.

Upon the views expressed, it follows the court did not err in sustaining exceptions to those portions of appellant's answer setting up that the beneficiaries, in case of death of the insured, could have recovered upon the policies in the courts of Texas, and that appellant had paid claims under other policies of like nature.

Affirmed.

### On Rehearing.

Appellant has filed a lengthy motion for rehearing, with copious quotation from various decisions. In our opinion the motion presents nothing new.

The authorities quoted are upon different state of facts, and do not involve any question arising upon conflict of laws affecting the validity vel non of the insurance contracts. They have no application to the present action.

There is but one matter in the motion to which we desire to refer, namely: The assertion that the policies, in case of loss, were performable by appellant and payable at its domicile (Galveston, Tex.); hence the contracts governed by the laws of Texas.

Upon the original consideration of this case, the policies were examined to ascertain if such place of payment was designated, for, if losses were payable in Texas, such feature would have had some bearing upon the controlling question in the case. The contracts do not provide where losses shall be payable by appellant. As to that they are silent.

The motion for rehearing is overruled.