# EQUITABLE LIFE ASSURANCE SOCIETY *v.* CLEMENTS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF MISSOURI.

No. 340. Argued April 23, 24, 1891. — Decided May 11, 1891.

A policy of insurance, executed in New York by a New York corporation doing business in Missouri, upon an application signed in Missouri by a resident of Missouri, made part of the contract, and declaring that it "shall not take effect until the first premium shall have been actually paid during the life of the person proposed for assurance," and which is delivered, and the first premium paid, in Missouri, is, in the absence of evidence of the company's acceptance of the application in New York, a Missouri contract, and governed by the laws of Missouri.

The Revised Statutes of Missouri of 1879, §§ 5983–5986, establish a rule of commutation upon default in payment of premium after two premiums have been paid on a policy of life insurance, which cannot be varied or waived by express provision in the contract, except in the cases specified in those statutes.

THIS was an action brought by Alice L. Wall, a citizen of Missouri and widow of Samuel E. Wall, and prosecuted by

Benjamin F. Pettus, her administrator, against the Equitable Life Assurance Society of the United States, a corporation of New York and doing business in Missouri, on a policy of insurance executed by the defendant at its office in the city of New York on December 23, 1880, upon the life of Samuel E. Wall, by which, in consideration of the payment of $136.25. by him, and of the payment of a like sum on or before December 15 in each year during the continuance of the contract, it promised to pay to Alice L. Wall, his wife, $5000 at its office in the city of New York, within sixty days after satisfactory proofs of his death.

" And further, that if the premiums upon this policy for not less than three complete years of assurance shall have been duly received by said society, and this policy should thereafter become void in consequence of default of payment of a subsequent premium, said society will issue, in lieu of such policy, a new paid-up policy, without participation in profits, in favor of said Alice L. Wall, if living," " for the entire amount which the full reserve on this policy, according to the present legal standard of the State of New York, will then purchase as a single premium, calculated by the regular table for single-premium policies now published and in use by the society: Provided, however, that this policy shall be surrendered, duly receipted, within six months of the date of default in the payment of premium, as mentioned above.

" This policy is issued and accepted upon the condition that the provisions and requirements printed or written by the society upon the back of this policy are accepted by the assured as part of this contract as fully as if they were recited at length over the signatures hereto affixed."

Among the provisions and requirements printed on the back of the policy were the following:

" 4. All premiums are due in the city of New York, at the date named in the policy; but at the pleasure of the society suitable persons may be authorized to receive such payments at other places, but only on the production of the society's receipt therefor, signed by the president, vice-president, actuary, secretary or assistant secretary, and countersigned by the

person to whom the payment is made.   No payment made to any person, except in exchange for such receipt, will be recognized by the society.   All premiums are considered payable annually in advance; when the premium is made payable in semi-annual or quarterly instalments, that part of the year's premiums, if any, which remains unpaid at the maturity of this contract, shall be regarded as an indebtedness to the society on account of this contract, and shall be deducted from the amount of the claim; and if any premium or instalment of a premium on this policy shall not be paid when due, this policy shall be void; nevertheless nothing herein shall be construed to deprive the holder of this policy of the privilege to demand and receive paid-up insurance in accordance with the agreement contained in this policy.

"5. The contract between the parties hereto is completely set forth in this policy and the application therefor, taken together, and none of its terms can be modified, nor any forfeiture under it waived, except by an agreement in writing, signed by the president, vice-president, actuary, secretary or assistant secretary of the society, whose authority for this purpose will not be delegated.

"6. If any statement made in the application for this policy be in any respect untrue, this policy shall be void."

The application for the policy was dated at Windsor in the State of Missouri, December 15, 1880, addressed to the defendant, and signed by Samuel E. Wall and Alice L. Wall; and the parts of it relied on by the defendant were as follows:

"27. Does the person for whose benefit the assurance is effected, in consideration of the agreements contained in the policy hereby applied for, (providing for paid-up insurance in the event of surrender of the policy at certain periods and under certain conditions specified,) waive and relinquish all right or claim to any other surrender value than that so provided, whether required by a statute of any State or not?" "Yes."

"It is hereby declared and agreed that all the statements and answers written on this application are warranted to be

true, and are offered to the society as a consideration of the contract, which shall not take effect until the first premium shall have been actually paid during the life of the person herein proposed for assurance."

The petition alleged that, in consideration of the sum of $136.25 paid to the defendant by Samuel E. Wall, and of the further agreement on his part to pay to the defendant an annual premium of $136.25 on or before December 15 in each year during the continuance of the contract, the defendant "made, executed and delivered to said Samuel E. Wall, who was then and all the times hereinafter mentioned a resident of the State of Missouri, and in which State the said policy was delivered and the said premiums paid," the policy of insurance, above stated.

The answer admitted that said Wall was a resident of the State of Missouri, and that the policy of insurance, "after being applied for to and executed by the defendant, was, at the request of the said Wall, transmitted to the State of Missouri and was delivered to said Wall in said State," and "that the annual premiums due on said policy on December 15, 1881, and December 15, 1882, were paid, as also the cash premium due when said policy was issued."

The plaintiff alleged in the petition, and proved at the trial, that Samuel E. Wall failed to pay the premium due December 15, 1883; that he died January 21, 1884; that the defendant, on notice of his death, denied its liability, and thereby waived further proof thereof; that on December 15, 1883, the policy had acquired a net value of $161.05, as computed upon the American experience table of mortality, with four and a half per cent annual interest; that neither Wall nor his wife was then indebted to the defendant, on account of past premiums on the policy, or otherwise; that his age at that time was thirty-nine years; and that three-fourths of such net value, applied and taken as a net single premium for temporary insurance for the full amount written in the policy, would continue the policy in force until August 30, 1886.

The plaintiff claimed the full amount of the policy, with

interest, by virtue of the provisions of the Revised Statutes of
Missouri of 1879, which are copied in the margin.[1]

---

[1] SEC. 5983.  No policy of insurance on life, hereafter issued by any life
insurance company authorized to do business in this State, on and after
the first day of August, A.D. 1879, shall, after payment upon it of two full
annual premiums, be forfeited or become void, by reason of the non-
payment of premium thereon; but it shall be subject to the following rules
of commutation, to wit: The net value of the policy, when the premium
becomes due and is not paid, shall be computed upon the American experi-
ence table of mortality, with four and one-half per cent interest per annum;
and after deducting from three-fourths of such net value any notes or
other indebtedness to the company, given on account of past premium pay-
ments on said policy issued to the insured, which indebtedness shall then
be cancelled, the balance shall be taken as a net single premium for tem-
porary insurance for the full amount written in the policy, and the term
for which such temporary insurance shall be in force shall be determined
by the age of the person whose life is insured at the time of the default of
premium and the assumption of mortality and interest aforesaid.

SEC. 5984.  At any time after the payment of two or more full annual
premiums, and not later than sixty days from the beginning of the extended
insurance provided in the preceding section, the legal holder of the policy
may demand of the company, and the company shall issue, its paid-up
policy, which, in case of an ordinary life policy, shall be for such an
amount as the net value of the original policy at the age and date of lapse,
computed according to the American experience table of mortality, with
interest at the rate of four and one-half per cent per annum, without deduc-
tion of indebtedness on account of said policy, will purchase, applied as a
single premium upon the table rates of the company.

SEC. 5985.  If the death of the insured occur within the term of tempo-
rary insurance covered by the value of the policy as determined in section
5983, and if no condition of the insurance other than the payment of
premiums shall have been violated by the insured, the company shall be
bound to pay the amount of the policy, the same as if there had been no
default in the payment of premium, anything in the policy to the contrary
notwithstanding: Provided, however, that notice of the claim and proof
of the death shall be submitted to the company in the same manner as pro-
vided by the terms of the policy within ninety days after the decease of
the insured.

SEC. 5986.  The three preceding sections shall not be applicable in the
following cases, to wit: If the policy shall contain a provision for an
unconditional cash surrender value at least equal to the net single premium
for the temporary insurance provided hereinbefore; or for the uncon-
ditional commutation of the policy to nonforfeitable paid-up insurance for
which the net value shall be equal to that provided for in section 5984; or
if the legal holder of the policy shall, within sixty days after default of

The grounds of defence relied on were : 1st. That the policy was a contract governed by the laws of the State of New York and not by the laws of the State of Missouri.    2d. That if it was governed by the laws of Missouri, then the stipulations in the policy and in the application therefor were valid and binding on the plaintiff as a waiver of the provisions of § 5983 of the Revised Statutes of Missouri.

The court, on motion of the plaintiff, ordered the parts of the answer which set up these defences to be struck out, delivering the opinion reported in 32 Fed. Rep. 273 ; and afterwards, upon a submission of the case to its decision without a jury, declined to sustain these defences, and rendered judgment for the plaintiff in the sum of $6125.    The defendant duly excepted to these rulings, and sued out this writ of error.

*Mr. Henry Hitchcock* for plaintiff in error.    *Mr. G. A. Madill* and *Mr. G. A. Finkelnburg* were with him on the brief.

*Mr. L. C. Krauthoff* for defendant in error.    *Mr. Matthew A. Fyke* was with him on the brief.

Mr. Justice Gray, after stating the case as above, delivered the opinion of the court.

Upon the question whether the contract sued on was made in New York or in Missouri, there is nothing in the record, except the policy and application, the petition and answer, by which the facts appear to have been as follows : The assured was a resident of Missouri, and the application for the policy was signed in Missouri.    The policy, executed at the defendant's office in New York, provides that " the contract between the parties hereto is completely set·forth in this policy and

premium, surrender the policy and accept from the company another form of policy; or if the policy shall be surrendered to the company for a consideration adequate in the judgment of the legal holder thereof; then, and in any of the foregoing cases, this act shall not be applicable.

the application therefor, taken together." The application declares that the contract " shall not take effect until the first premium shall have been actually paid during the life of the person herein proposed for assurance." The petition alleges that that premium and two annual premiums were paid in Missouri. The answer expressly admits the payment of the three premiums, and, by not controverting that they were paid in Missouri, admits that fact also, if material. Missouri Rev. Stat. 1879, § 3545. The petition further alleges that the policy was delivered in Missouri; and the answer admits that the policy was, " at the request of the said Wall, transmitted to the State of Missouri and was delivered to said Wall in said State." If this form of admission does not imply that the policy was at the request of Wall transmitted to another person, perhaps the company's agent, in Missouri, and by him there delivered to Wall, it is quite consistent with such a state of facts; and there is no evidence whatever, or even averment, that the policy was transmitted by mail directly to Wall, or that the company signified to Wall its acceptance of his application in any other way than by the delivery of the policy to him in Missouri. Upon this record, the conclusion is inevitable that the policy never became a completed contract, binding either party to it, until the delivery of the policy and the payment of the first premium in Missouri; and consequently that the policy is a Missouri contract and governed by the laws of Missouri.

By the Revised Statutes of Missouri of 1879, in force when this policy was made, it was enacted as follows: By § 5983, " no policy of insurance on life, hereafter issued by any life insurance company authorized to do business in this State, shall, after payment upon it of two full annual premiums, be forfeited or become void, by reason of the nonpayment of premium thereon; but it shall be subject to the following rules of commutation, to wit : " The net value of the policy is to be computed, and the insurance is to continue in force for the full amount of the policy for such time as three-fourths of such net value will be a premium for, according to the rules of commutation prescribed in that section. By § 5984, the

holder of the policy, within sixty days from the beginning of such temporary insurance, may elect to take a paid-up policy for such amount as the net value aforesaid would be a premium for. By § 5985, if the assured dies within the term of temporary insurance, as determined by § 5983, and there has been no breach of any other condition of the policy, "the company shall be bound to pay the amount of the policy, the same as if there had been no default in the payment of premium, anything in the policy to the contrary notwithstanding."

The manifest object of this statute, as of many statutes regulating the form of policies of insurance on lives or against fires, is to prevent insurance companies from inserting in their policies conditions of forfeiture or restriction, except so far as the statute permits. The statute is not directory only, or subject to be set aside by the company with the consent of the assured; but it is mandatory, and controls the nature and terms of the contract into which the company may induce the assured to enter. This clearly appears from the unequivocal words of command and of prohibition above quoted, by which, in § 5983, "no policy of insurance" issued by any life insurance company authorized to do business in this State "shall, after the payment of two full annual premiums, be forfeited or become void, by reason of the nonpayment of premium thereon; but it shall be subject to the following rules of commutation;" and, in § 5985, that if the assured dies within the term of temporary insurance, as determined in the former section, "the company shall be bound to pay the amount of the policy," "anything in the policy to the contrary notwithstanding."

This construction is put beyond doubt by § 5986, which, by specifying four cases (two of which relate to the form of the policy) in which the three preceding sections "shall not be applicable," necessarily implies that those sections shall control all cases not so specified, whatever be the form of the policy.

Of the cases so specified, the only ones in which the terms of the policy are permitted to differ from the plan of the statute are the first and second, which allow the policy to

stipulate for the holder's receiving the full benefit, either in cash, or by a new paid-up policy, of the three-fourths of the net value, as determined by §§ 5983 and 5984. The other two cases specified do not contemplate or authorize any provision in the contract itself inconsistent with the statute; but only permit the holder to surrender the policy, either in lieu of a new policy, or for a consideration adequate in his judgment. In defining each of these two cases, the statute, while allowing the holder to make a new bargain with the company, at the time of surrendering the policy, and upon such terms as, on the facts then appearing, are satisfactory to him, yet significantly, and, it must be presumed, designedly, contains nothing having the least tendency to show an intention on the part of the legislature that the company might require the assured to agree in advance that he would at any future time surrender the policy or lose the benefit thereof, upon any terms but those prescribed in the statute.

It follows that the insertion, in the policy, of a provision for a different rule of commutation from that prescribed by the statute, in case of default of payment of premium after three premiums have been paid; as well as the insertion, in the application, of a clause 'by which the beneficiary purports to " waive and relinquish all right or claim to any other sur-. render value than that so provided, whether required by a statute of any State, or not;" is an ineffectual attempt to evade and nullify the clear words of the statute.

*Judgment affirmed.*