## CONNOR v. EXCESS INS. CO. OF AMERICA.
### No. 5061.

Circuit Court of Appeals, Third Circuit.

Oct. 24, 1933.

Wall, Haight, Carey & Hartpence, of Jersey City, N. J. (Thomas G. Haight and Wm. H. Carey, both of Jersey City, N. J., of counsel), for appellant.

Gleason, McLanahan, Merritt & Ingraham, of New York City (Walter G. Merritt, of New York City, of counsel), for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

The plaintiff brought suit in the District Court for the District of New Jersey to recover on a judgment which it had obtained against the defendant in a Missouri court of record. With the consent of the parties, but without the requisite waiver in writing (28 USCA § 773), the case was tried by a judge without a jury. The trial judge refused to give full faith and credit to the Missouri judgment and entered judgment in favor of the defendant. This court rendered a decision reversing the judgment of the court below, but, before the mandate was sent down to the District Court, vacated the judgment and dismissed the appeal without prejudice, in compliance with the request of the parties. A stipulation in writing that the cause be tried by the court without a jury was thereupon filed. The case was retried in the District Court upon the same evidence introduced at the prior trial. The District Judge, adhering to his original opinion, again entered judgment for the defendant. This is an appeal from that judgment.

The same issues are argued by the appellant as were argued on the prior appeal. The appellee, however, has raised a new issue to the effect that the fact findings of the court below are conclusive unless there is no evidence to support them. Although we accept the contention that findings by a trial court sitting without a jury have the force and effect of a verdict, the doctrine has no application where there are no findings by the trial court which are, in form and substance, findings of fact. The ten findings requested by the defendant and allowed by the trial court (Record, pages 217, 218, 219) are, in some instances, purely legal conclusions, and, in the remainder, mixed findings of law and fact. In the latter instances it is impossible to review the trial court's legal conclusions without reviewing its fact findings. Moreover, the specific facts set out in detail in the opinion of the trial court justify a conclusion that lawful service was made upon the defendant in Missouri.

For these reasons and those fully set forth in our opinion upon the previous appeal, reported in 51 F.(2d) 626, the judgment of the court below is reversed, with direction that judgment be entered for the plaintiff for the amount claimed in the complaint, with interest and costs.