## DOMINIQUE v. LIBERTY INDUSTRIAL LIFE INS. CO.
### No. 17291.

Court of Appeal of Louisiana. Orleans.
Nov. 13, 1939.

Rehearing Denied Dec. 11, 1939.

E. B. Charbonnet, Jr., of New Orleans, for appellant.

Cabral & Graham, of New Orleans (Harry R. Cabral, of New Orleans, of counsel), for appellee.

JANVIER, Judge.

Glen Dominique, beneficiary designated in a policy of life insurance issued by Liberty Industrial Life Insurance Company on the life of A. J. Gaskin, alleging the death of the insured and that due proof thereof has been made, seeks recovery of the amount stipulated in the policy, together with 6 per cent. interest from the date of death, asserting that, though the policy had lapsed because of the non-payment of premiums, there had accumulated at the time of the lapse a reserve sufficient, if devoted as required by Act No. 193 of 1906, to extend the policy in its full amount beyond the day on which the insured died.

Defendant, either in its answer, or by agreement dictated in open court, admits all of the essential allegations of fact, but contends that, because of a stipulation contained in the policy itself, plaintiff-beneficiary is not entitled to the full amount of the policy, but only to such amount as would be provided by a paid-up policy had the accumulated reserve, when the lapse occurred, been applied to the purchase of such paid-up policy.

In other words, plaintiff maintains that, because of the operation of Act No. 193 of 1906, the policy was automatically extended for its full face value for a period extending beyond the date of the death, whereas defendant contends that, because of the policy stipulation, the amount of coverage was reduced to such sum as could be purchased in paid-up insurance by application of the accumulated reserve to that purpose.

From a judgment for plaintiff for the sum prayed for, with interest at 6 per cent. from the date of death, defendant has appealed.

Plaintiff has answered the appeal and prays that the judgment be increased by 10 per cent. as damages, as provided by Code Prac. art. 907, where an appeal is frivolous and is taken solely for the purpose of obtaining delay.

The policy was issued on October 4, 1926, in the sum of $430. Gaskin died on May 4, 1937. It is admitted "that the premiums were not paid in full, and that there was at the time of the death of insured, a sufficient reserve in the policy to extend the face value thereon for its full value to the date of death of insured". In the record also appears the following:

"In the event that under the law the reserve should be dedicated to the purpose of purchasing extended insurance, it is admitted that the insured did not within three months of the lapse of policy, apply for extended term insurance or extended insurance."

Pointing to the failure of the insured to notify the insurer within three months of the lapse of his desire that the accumulated reserve be applied to the extension of the policy at its full face amount, the insurer relies upon the policy stipulation to which we have referred and takes the position that such failure automatically had the effect of authorizing the application of the reserve to the purchase of a paid-up policy for a much smaller sum, to-wit, $6.40, which amount defendant announced its readiness to pay. The stipulation relied upon reads as follows:

"If this policy shall lapse for nonpayment of premium after premiums have been duly paid for three full years or more, the Insured, without any action on his or her part, will become entitled to paid-up insurance for a reduced amount, in conformity with the Combined Experience Table of Mortality with 4% interest, such paid-up policy to become payable by the death of the Insured, as specified in this policy; or in lieu thereof the Insured may surrender this policy within three months after such lapse and then will be entitled to receive an extended term insurance policy for the respective term calculated as aforesaid, the amount of insurance payable if death occur within said term to be the same amount as that which would have been payable if this policy had been continued in force."

The fact that the insured did not, within three months of the lapse, surrender the policy and request that the reserve be applied to the purchase of extended insurance, cannot deprive the beneficiary of the right afforded by Act No. 193 of 1906 to claim the benefit of said extended insurance because that statute provides that, where there is an accumulated reserve and the policy is permitted to lapse, if no selection is made by the insured from among the alternative options offered in the policy, then the reserve, "without any further act on the part of the owner of the policy, shall be applied to continue the insurance in force at its full amount including any outstanding dividend additions less any outstanding indebtedness on the policy, so long as such surrender value will purchase non-participating temporary insurance at net single premium rates by the standard adopted by

the company, at the age of the insured at the time of lapse or forfeiture". Section 2.

It is very evident that the policy stipulation runs directly contrary to the statutory provision, for the former requires that, in order to obtain such extended policy, the. insured must take affirmative action, whereas the latter affords the right automatically and without any action whatever.

In Succession of Watson v. Metropolitan Life Insurance Company, 183 La. 25, 162 So. 790, 793, our Supreme Court plainly declared that, in enacting the statute of 1906, the legislature evidenced an intention to prevent insurers from inserting restrictions which might in any way interfere with or limit the operation of section 2 of the Act of 1906. In that case the Supreme Court said:

"The obvious purpose of Act No. 193 of 1906 is to prevent life insurance companies from inserting in their policies conditions of forfeiture or restrictions, except those which the statute itself allows. Equitable Life Assurance Society v. Pettus, 140 U.S. 226, 11 S.Ct. 822, 35 L.Ed. 497."

It will be recalled that the policy which was involved in the Watson case provided for certain options, but required the insured to select in advance which option would be availed of should there be a default in premium payments. The Supreme Court held that this stipulation ran contrary to the provisions of the Act of 1906 and that, because of that statute, the insured must be given the right, after the occurrence of a lapse, to select any one of certain options, and that, in the event of failure to so select, the full extended insurance must be afforded.

It appears obvious to us that, if it is a violation of the provisions of the Act of 1906 to require the insured to select in advance what option will be availed of, it also runs contrary to the provisions of that statute to limit the time within which the insured may make his selection after the lapse has occurred since the statute says that, if he does not make a selection, the extended insurance shall automatically be afforded to him. Plainly it is a restriction of this right to say that the selection must be made within any fixed time.

We think it well to state, in passing, that this case is not governed by Act No. 57 of 1932, which provides for a different application of the reserve under certain circumstances, because this policy was issued long prior to the day on which that latter statute became operative. See Furlong v. National Life & Accident Insurance Company, 185 La. 352, 169 So. 431, 106 A.L.R. 40.

Plaintiff has claimed interest at 6 per cent. There is no law which would justify the allowance of interest at this rate except Act No. 17 of 1920, section 1 of which reads as follows:

"Be it enacted * * * That all life insurance companies doing business in this State, whether foreign or domestic, are hereby required to pay all death claims within sixty days from date of receipt of due proof of death and should they fail to do so without just cause, then policy will bear interest at the rate of six per cent. (6%) per annum from date of receipt of due proof of death until paid."

But there is nothing in the record to show when proof of loss was submitted and, therefore, there is nothing from which we can determine the time from which the penalty interest provided by this statute should commence to run. In the absence of such proof, we cannot allow this interest.

But the petition does not definitely state that the interest is claimed as a penalty and, therefore, we feel justified in concluding that plaintiff should be entitled to such interest as is allowed by law—in other words, to 5 per cent. interest from the day the debt became due, which is authorized by Article 554 of the Code of Practice and by Article 1938 of the Civil Code. It is true that the amount provided by the policy did not become due until the expiration of a reasonable time after submission of proofs of loss and it is also true, as we have said, that there is nothing in the record to show when the proofs of loss were submitted. But it is certain that they were submitted at some time prior to the filing of the suit and, therefore, we feel justified in allowing interest at 5 per cent. from the day on which the suit was filed.

In Handelman's Chain Stores v. Maryland Casualty Company, La.App., 184 So. 827, and in Crowe v. Equitable Life Assurance Society of the United States, 179 La. 444, 154 So. 52, it was held that, where a plaintiff prays for a statutory penalty, this prayer does not warrant the allowance of interest. But the doctrine of those cases has no application here, for here there was no reference in the prayer to any penalty provided by any statute, the petitioner contenting himself with praying for interest at 6 per cent. The prayer for interest at 6 per

cent. authorizes the allowance of interest at the lower legal rate.

Plaintiff has answered the appeal and requested an increase on the ground that the appeal taken is frivolous. In view of the fact, however, that there has been a reduction in the amount awarded in that the interest rate has been reduced from 6 per cent. to 5 per cent., it is obvious that we could not state that the appeal taken is frivolous.

It is therefore ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Glen Dominique, and against the defendant, Liberty Industrial Life Insurance Company, in the full sum of Four Hundred and Thirty ($430) Dollars, together with interest at 5 per cent. from judicial demand. Defendant to pay all costs.

Amended and affirmed.